J-S77024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUAN SILVA, | : | |
| | : | |
| Appellant | : | No. 1695 EDA 2017 |

Appeal from the Judgment of Sentence March 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010759-2015,
CP-51-CR-0010769-2015

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                **FILED APRIL 02, 2019**

Appellant, Juan Silva, appeals from the March 20, 2017 Judgment of Sentence entered in the Philadelphia Court of Common Pleas following his conviction after a non-jury trial for, *inter alia*, Attempted Robbery of a Motor Vehicle.[1]  Appellant challenges the sufficiency of the evidence.  After careful review, we affirm.

The relevant factual and procedural history is as follows.  On September 7, 2015, Mark Stephenson entered a restaurant to pick up food while his girlfriend, N.R., stayed outside to smoke a cigarette.  Appellant approached N.R. and sexually assaulted her.  Mr. Stephenson came out of the restaurant, witnessed the assault, and punched Appellant several times.  Appellant fled the scene while Mr. Stephenson and bystanders chased him.

---

[1] 18 Pa.C.S. § 3702; 18 Pa.C.S. § 901.

---

\*   Retired Senior Judge assigned to the Superior Court.

During this time, Judy Thorpe-Diallo ("Victim") was sitting in the driver's seat of a parked car waiting for her granddaughter to get her hair styled at a nearby braid shop. Appellant approached the car and instructed Victim to get out. While Appellant briefly turned his head away, Victim grabbed her keys and wallet and jumped out of the car. Victim ran to the braid shop, banged on the door, and entered the shop. Once inside, Victim saw Appellant sit inside of her car for ten to fifteen seconds until Mr. Stephenson and the bystanders approached; Appellant then fled on foot with the men in pursuit. They eventually caught Appellant and held him until police arrived at the scene and placed him under arrest.

On November 29, 2016, after a non-jury trial, the trial court convicted Appellant of Attempted Rape, Attempted Robbery of a Motor Vehicle, and related offenses.[2] On March 20, 2017, the court sentenced Appellant to an aggregate term of 8½ to 25 years' incarceration followed by 5 years of probation. Appellant filed a Post-Sentence Motion, which the trial court denied on April 27, 2017.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[2] The trial court convicted Appellant of Aggravated Assault, Attempted Rape by Forcible Compulsion, Unlawful Restraint, Attempted Sexual Assault, False Imprisonment, Indecent Exposure, Indecent Assault by Forcible Compulsion, Simple Assault, Recklessly Endangering Another Person, Attempted Robbery, Attempted Robbery of Motor Vehicle, Attempted Theft by Unlawful Taking, and Attempted Receiving Stolen Property.

Appellant raises the following issue on appeal: "Was not the evidence insufficient for conviction of [A]ttempted [R]obbery of a [M]otor [V]ehicle insofar as there was no force used or threatened in the encounter?" Appellant's Brief at 3.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citation omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* (citation omitted). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id*. (citation omitted).

Appellant challenges his conviction for Attempted Robbery of a Motor Vehicle, which the Pennsylvania Crimes Code defines as follows: "A person commits a felony of the first degree if he steals or takes a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle." 18 Pa.C.S. § 3702(a). Moreover, "[a]

person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901. This Court has held that to prove the offense of Robbery of a Motor Vehicle, the Commonwealth must prove the following elements: "(1) the stealing, taking[,] or exercise of unlawful control over a motor vehicle; (2) from another person in the presence of that person or any other person in lawful possession of the vehicle; and (3) the taking must be accomplished by the use of force, intimidation[,] or the inducement of fear in the victim." *Commonwealth v. George*, 705 A.2d 916, 920 (Pa. Super. 1998). Moreover, "[f]orce is that of which the victim is aware and by reason of that force, is compelled to part with his property." *Commonwealth v. Jones*, 771 A.2d 796, 799 (Pa. Super. 2001) (citation omitted).

Here, Appellant concedes that the Commonwealth proved the first two elements of the offense. He only challenges the establishment of the third element, averring that the Commonwealth's evidence did not prove that Appellant used force, intimidation, or the inducement of fear to accomplish taking the car. Appellant's Brief at 10. Appellant argues that the Commonwealth failed to prove that he used or possessed a weapon, made any overt or implied threats, or raised a hand to Victim. *Id.* at 11. Therefore, Appellant contends, the Commonwealth did not prove that he used force or coercion and the evidence was insufficient to convict him of Attempted Robbery of a Motor Vehicle. *Id.* This argument lacks merit.

Victim stated that she was waiting for her granddaughter to come out of the braid shop and "then this guy came up to my car and told me to get out of it." N.T. Trial, 11/29/16, at 65. Victim testified:

> I'm thinking when the guy comes up to my car that my daughter was having problems in the braid shop about her daughter's hair getting done. Then I realized, you know, the man told me to get out the car. So before I got out the car, I looked up at him. His head was turned. So then I managed to take my keys and my wallet and I got out the car. As I proceeded to get out the car to go to the braid [shop], he got in.

*Id.* When counsel asked Victim how she felt, she replied, "Scared, because I didn't know what was going on." *Id.* at 66. Victim testified, "I jump out the car and I bang on the door to go in the braid shop." *Id.* Finally, Victim stated that she did not give permission or consent for Appellant to get in or take the car. *Id.* at 66-67.

Victim's testimony that she felt scared during the confrontation with Appellant, jumped out of the car, and banged on the shop door while Appellant got inside the car is sufficient to prove that Appellant took control over the car by using force, intimidation, or the inducement of fear. *See George, supra* at 920. Moreover, it is reasonable for the fact-finder to conclude that Victim was aware of Appellant's demand that she exit the car and it was this demand that compelled her to exit the car. *See Jones, supra* at 799. Accordingly, Appellant's argument that the Commonwealth did not prove the third element of Attempted Robbery of a Motor Vehicle is devoid of merit.

We are unpersuaded by Appellant's attempts to distinguish this case from *George, supra*, and *Jones, supra*, both cases where this Court found that there was sufficient evidence to convict a defendant of Robbery of a Motor Vehicle. Appellant argues that the defendant in *George* entered a car at gunpoint and stated "it's a jack," but Appellant never used a weapon or made overt or implied threats. Appellant's Brief at 10-11 (citing *George, supra* at 920). Appellant also argues that the defendant in *Jones* drove away with the victim in the truck but Appellant asked Victim to get out of the car and never actually drove the car. Appellant's Brief at 13 (citing *Jones, supra* at 797).

It is of no moment that the defendant in *George* used a weapon or that the defendant in *Jones* drove the car with the victim inside. As stated above, Victim testified that she was scared and got out of the car at Appellant's demand, which is sufficient evidence to prove that Appellant used force, intimidation, or the inducement of fear to take the car from Victim. It is improper for this Court to reweigh the evidence and give "more weight to 'absent' factors than to those found and relied upon by the trial court[.]" *Commonwealth v. Meals*, 912 A.2d 213, 222–23 (Pa. 2006).

In sum, the Commonwealth presented sufficient evidence to prove the force element of Attempted Robbery of a Motor Vehicle and Appellant is not entitled to relief.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/19